**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| D.S.R., L.R. and D.R., individually and on behalf of D.R.,<br><br>       **Plaintiffs,**<br><br>   -against-<br><br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>       **Defendant.** | **21-CV-7591 (ALC)**<br><br><br>**<u>OPINION AND ORDER</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs D.S.R., L.R. and D.R. ("Plaintiffs") commenced this suit seeking an award of attorneys' fees and costs pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). Defendant New York City of Education ("Defendant" or "DOE") filed a motion to dismiss based on the statute of limitations. (ECF No. 20.) For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

### I.  Factual Background

D.R. is a minor child living with a disability. (Compl., ECF No. 1 ¶ 3.) D.S.R. and L.R. are D.R.'s parents. (*Id.* ¶ 6.) Plaintiffs initiated an impartial due process hearing alleging denial of a free appropriate public education under IDEA and challenging D.R.'s placement and Individualized Education Plan ("IEP"). (*Id.* ¶ 11.) Because D.R. had aged out of his current program, Plaintiffs also sought an order securing temporary placement for him during the pendency of the impartial due process hearing. (Feldman Decl., ECF No. 21 ¶ 7.) On September 11, 2017, the independent hearing officer ("IHO") issued a pendency order in favor of Plaintiffs

for D.R.'s placement at the School for Language and Communication Development ("SLCD"). (Compl., ECF No. 1 ¶ 15; Pls. Mem., ECF No. 30 at 2; Feldman Decl., ECF No. 21 ¶ 9.) Plaintiffs amended their petition on October 17, 2017, seeking a permanent placement for D.R. at SLCD. (*Id.* ¶ 5.)

A hearing on the merits of Plaintiffs' due process claim was scheduled for February 7, 2018. (Pls. Mem., ECF No. 30 at 2.) At a January 17, 2018 pre-hearing conference, Plaintiffs informed the IHO that the matter was "on track to resolve". (Feldman Decl., ECF No. 21 ¶ 12.) On January 31, 2018, Defendant secured a permanent placement for D.R. at SLCD, consistent with Plaintiffs' wishes and the IHO's pendency order. (*Id.* ¶ 13.) Thereafter, Plaintiffs' counsel emailed the IHO and withdrew Plaintiffs' due process claim, and the case was terminated on February 28, 2018. (*Id.* ¶ 14.)

## II.     Procedural History

Plaintiffs filed the Complaint on September 10, 2021, seeking an award of attorneys' fees and costs pursuant to the fee-shifting provision of IDEA. (*See generally* Compl., ECF No. 1.) After an extension of Defendant's deadline to respond to the Complaint (ECF No. 8), Defendant filed the instant motion to dismiss on April 7, 2022. (ECF No. 20.) Defendant argues that Plaintiffs' request for attorneys' fees is barred by the applicable statute of limitations because the Complaint was filed four years after the IHO issued its decision on the pendency placement in September 2017. (*See generally*, Def.'s Mem., ECF No. 22.) Plaintiffs filed a response to the motion to dismiss and also filed a motion for summary judgment on May 5, 2022. (ECF Nos. 23–31.) The Court denied without prejudice to renewal the motion for summary judgment because Plaintiffs failed to comply with the Court's pre-motion conference requirement. (ECF No. 33.)

Defendant filed a reply in further support of its motion to dismiss on May 16, 2022.  (ECF No. 34.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  On a motion to dismiss, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  But to satisfy Rule 12(b)(6), a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).  Ultimately, on a motion to dismiss "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations and citation omitted).

"A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)[.]" *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp. 2d 599, 602–03 (S.D.N.Y. 2006), *aff'd*, 323 Fed. Appx. 16 (2d Cir. 2009).  Statute of limitations defenses are affirmative defenses and may be made at the motion to dismiss stage without conversion to a motion for summary judgment where the "plaintiff adequately states a claim, but [the] plaintiff's own allegations show that the defense exists." *Id.* at 603 (internal quotation marks omitted).  Motions to dismiss on statute of limitations grounds are treated as other motions to dismiss; courts merely are to "determine

whether the complaint itself is legally sufficient" to survive the affirmative defense, "not to weigh the evidence that may be presented at a trial." *Adams v. Crystal City Marriott Hotel*, No. 02-CV-10258, 2004 WL 744489, at *8 (S.D.N.Y. Apr. 6, 2004).

## DISCUSSION

### I.      "Prevailing Party" under the IDEA

Neither party disputes that a three-year statute of limitations is applicable to Plaintiffs' claim for fees.  Rather, the parties disagree on the date on which Plaintiffs became a prevailing party under IDEA and thus the date on which the three-year statute of limitations began to accrue. Defendant contends that the statute of limitations runs from September 11, 2017 (*i.e.*, the date when the IHO issued its order regarding D.R.'s pendency placement).  (Def.'s Mem., ECF No. 22 at 4.)  Plaintiffs argue that the statute of limitations should be calculated from February 28, 2018 (*i.e.*, the date on which Plaintiffs withdrew their due process complaint before the IHO).  (Pls.' Mem., ECF No. 30 at 4, 7.)

IDEA provides that attorneys' fees may be awarded to parents of a child with a disability if they are the "prevailing party" in the litigation.  20 U.S.C. § 1415(i)(3)(B)(i).  "A parent who receives [an award of compensatory education] pursuant to an administrative proceeding, such as a hearing in front of an [IHO]…, is considered a prevailing party under the IDEA and is entitled to reasonable attorneys' fees and litigation costs." *Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 415 (2d Cir. 2010).

IDEA does not define specifically when a cause of action for attorney's fees begins to accrue under the statute.  "A party attains 'prevailing party' status if that party attains success on any significant issue in the litigation that achieves some of the benefit sought in bringing the litigation, and the manner of the resolution of the dispute constitutes a change in the legal

relationship of the parties." *Mrs. M. v. Tri-Valley Cent. Sch. Dist.*, 363 F.Supp.2d 566, 569 (S.D.N.Y. 2002).  To qualify for attorney's fees, "a party need not prevail on all issues," *Student X v. N.Y.C. Dep't of Educ.*, 07-CV-2316, 2008 WL 4890440, at *26-27 (E.D.N.Y. Oct. 30, 2008), but rather, must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit," *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (internal quotations and citation omitted).

Neither of the cases Defendant cites actually supports its interpretation of the statute of limitations accrual date.  In *Lindow ex rel. Lindow v. Bd. of Educ. of Fayetteville Manlius Cent. Sch. Dist.,* the court determined that the statute of limitations should run from the date on which the parties had reached a settlement agreement.  No. 04-CV-803 (NAM)(DEP), 2005 WL 1843294, at *3 (N.D.N.Y. July 26, 2005).  In *Lindow*, the court noted that under New York law—from which the three-year statute of limitations derives, "a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have accrued, so that the plaintiff would be entitled to relief." *Id.*  Similarly, in *Robert D. v. Sobel*, the court determined that the plaintiffs there became prevailing parties once the hearing officer issued a final decision in favor of plaintiffs.  688 F. Supp. 861, 864 (S.D.N.Y. 1988).

Defendant has cited no authority for its assertion that Plaintiffs somehow became a "prevailing party" within the meaning of the statute when the IHO issued a *pendency* decision, *i.e.* a decision that provided D.R. with a temporary placement for the duration of the remainder of the hearing process.  Although final resolution of the dispute allowed D.R. to remain at SLCD, the same school mandated by the IHO pendency order, the idea that Plaintiffs somehow prevailed on their due process claims when the IHO issued an *interim* decision is entirely without merit.  Indeed, the idea that the proceedings ended after the pendency order is belied by the fact that the IHO

scheduled further hearings after the pendency order.  The Court is also persuaded by the fact that the pendency order was only in effect "during the pendency of any proceedings conducted pursuant to this section…."  (Pls.' Mem., ECF No. 30 at 11 (quoting 20 U.S.C. § 1415(j)).)  Thus, the fact that the proceedings would continue was essential to the pendency order remaining in effect. Additionally, as Plaintiffs note, requiring a party to litigate their attorney's fee claim after receiving a pendency order, but before the completion of the remainder of the attorney's work during the adjudication of the merits of the claim, defies logic.

Plaintiffs assert that they became prevailing parties within the meaning of the statute on February 28, 2018, the date they withdrew their due process claim before the DOE.  (Pl.'s Mem., ECF No. 30 at 7.)  Plaintiffs rely on Judge Oetken's decision in *T.K. ex rel. L.K. v. New York City Dep't of Educ.*, No. 11-CV-3964 JPO, 2012 WL 1107660, at *4 (S.D.N.Y. Mar. 30, 2012). Although the facts of *T.K.* are not completely analogues to those here because *T.K.* involved an appeal of an IHO's decision, they are instructive in determining when the statute of limitations should accrue here.  In *T.K.*, the court considered the date of the accrual of the statute of limitations where a plaintiff had obtained relief from the IHO, but the DOE appealed the merits of that decision to a state review officer.  *Id.*  Judge Oetken determined that "[i]t would make little sense to have the accrual *vel non* of a cause of action for attorney's fees turn on case-specific issues involving the degree of relief appealed from or the degree of success on appeal" and thus concluded that the statute of limitations should accrue on the date of the state review officer's decision resolving the case on the merits on appeal.  *Id.*

Here, Defendant secured a placement for D.R. at SLCD on January 31, 2018.  (Feldman Decl., ECF No. 21 ¶ 13.)  Based on Defendants' moving papers and the Complaint, it is unclear when this decision was communicated to Plaintiffs and when the parties ostensibly reached a

settlement in this proceeding.  It is clear, however, that the proceeding was terminated on February 28, 2018 through an email to the IHO from Plaintiffs' counsel, in which counsel formally withdrew Plaintiffs' complaint.  (*Id.* ¶ 14.)  Because the withdrawal of the due process complaint represents a final disposition of the due process action before the IHO, the Court concludes that the statute of limitations began to accrue on February 28, 2018.

## II.     Tolling

Plaintiffs argue that the applicable statute of limitations was tolled for a period of 228 days by Governor Cuomo's Executive Order No. 202.8 ("E.O.") issued during the exigencies of the COVID-19 pandemic.  (*Id.* at 11–12.)  Defendant asserts in conclusory fashion, without citing any caselaw or other authority, that the E.O. is not applicable to federal claims.  (Def.'s Mem., ECF No. 22 at 3–4; Def.'s Reply, ECF No. 35 at 2 n.1.)  However, contrary to Defendant's unsupported assertion, many courts in this district have found that the tolling in the executive order does apply to statute of limitations derived from New York law when brought in federal court.  *See Rich v. New York*, No. 21 CV-3835 (AT), 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022) ("Contrary to the DA Defendants' assertion…other courts in this district have uniformly concluded that Executive Order 202.8 applies to federal cases applying New York's statute of limitations…") (colleting cases); *see also Paul v. Capra*, No. 20-CV-5154(NSR), 2022 WL 992845, at *6 (S.D.N.Y. Mar. 31, 2022).  Because the three-year statute of limitations applicable to suits for attorney's fees under IDEA is derived from New York law, *Shanahan v. Bd. of Educ. of the*

*Jamesville-DeWitt Sch. Dist.*, 953 F. Supp. 440, 443 (N.D.N.Y. 1997), the Court finds that the E.O. is applicable in this action and will toll the statute of limitations for a period of 228 days.[1]

Accordingly, the Court concludes that Plaintiffs' action for attorneys' fees is timely as it was filed within three years of the statute of limitations, including the 228 tolled period provided for by the E.O..[2]

## CONCLUSION

For the reasons set forth above, Defendant's motion for to dismiss is **DENIED**.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.  The parties are directed to meet and confer and file a joint status report regarding next steps in this action within **14 days** of the date of this order.


**SO ORDERED.**


Dated:          New York, New York
                February 14, 2023

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

---

[1] "District courts in this Circuit have agreed and found that Executive Order 202.8 and subsequent orders tolled the statute of limitations period from March 20, 2020 through November 3, 2020, a total of 228 days." *Bell v. Saunders*, No. 20-CV-00256 (BKS)(TWD), 2022 WL 2064872, at *5 (N.D.N.Y. June 8, 2022).

[2] Even if Plaintiffs became prevailing parties under the statute on January 31, 2018 (the day on which DOE secured a placement for D.R. at SLCD), the Complaint would still have been timely filed, since the statute of limitations would have elapsed on September 16, 2021.